# EXHIBIT 2

 

DISTRICT COURT
**F I L E D**

IN THE DISTRICT COURT OF TULSA COUNTY
STATE OF OKLAHOMA

APR 17 2014

SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA. TULSA COUNTY

| | |
|---|---|
| JASON TYLER SMITH, | ) |
| Plaintiff, | ) Case No.: |
| v. | ) **CJ-2014-01526** |
| | ) ATTORNEY LIEN CLAIMED |
| GEICO GENERAL INSURANCE COMPANY | ) |
| Defendant. | ) Rebecca Brett Nightingale |

## PETITION

COMES NOW the Plaintiff, Jason Tyler Smith, hereinafter "Plaintiff", by and through his attorney of record, Daniel E. Smolen, and for his cause of action against the Defendant, Geico General Insurance Company, sets forth and states as follows:

### PARTIES, JURISDICTION & VENUE

1. Plaintiff is a citizen of Oklahoma residing in Tulsa County, Oklahoma.

2. Defendant Geico is a foreign corporation conducting regular business in Tulsa County, Oklahoma.

3. The acts, occurrences and omissions complained of herein occurred in Tulsa County, Oklahoma.

4. This court has jurisdiction and venue is proper in Tulsa County, Oklahoma.

### FACTS COMMON TO ALL CLAIMS

5. The preceding paragraphs are incorporated herein by reference.

6. On or about April 17, 2012 Plaintiff Jason Smith was injured in a motor vehicle accident due to the negligence of a third party. The third party who caused the collision had no insurance.

7. The vehicle operated by Plaintiff had a policy of uninsured/underinsured motorist coverage with Defendant Geico at the time of the accident.

8. Specifically, Plaintiff suffered property damage, bodily injury, and missed one week of work because of the accident.

9. Plaintiff experienced immediate rib, back, and abdominal pain. Plaintiff also suffered from radiating neck pain, bilateral arm numbness and tingling, and lower back pain, that continues to date. Because of his injuries, Plaintiff was forced to seek medical assessment and treatment from various providers.

10. Plaintiff requested Defendant Geico pay benefits under said policy in accordance with *Burch v. Allstate*, 1998 OK 129, 977 P.2d 1057. The first correspondence Plaintiff has from Defendant Geico in response to his claim came roughly a month and a half after the accident.

11. Plaintiff complied with all of Defendant's instructions for submitting his claim and complied with all subsequent requests from the Defendant, despite Defendant intentionally failing to provide Plaintiff with required documents. Specifically, Defendant sent Mr. Smith a letter on January 15, 2013, requesting that he execute and return an updated medical authorization. Yet, Defendant failed to attach said authorization for Plaintiff to execute and did not provide him with one until February 14, 2013.

12. Meanwhile, some of Plaintiff's medical providers had filed a lien for their services and some had submitted Plaintiff's accounts to collection agencies, affecting the Plaintiff's credit.

13. Although the accident occurred in April of 2012, Defendant Geico did not make an offer to settle Plaintiff's personal injury claim until over a year later, on April 17, 2013 and thus unreasonably delayed payment.

14. When Defendant finally made its offer to Plaintiff, it offered him $10,704, despite the fact that his medical bills exceeded that amount. Additionally, in it's April 17, 2014 correspondence, Defendant incorrectly represented that a change in Oklahoma law allowed it "to consider what has been paid [by insurance] versus what has actually been incurred in medical expenses." Defendant made this incorrect statement in its correspondence without any citation to this changed "Oklahoma law" knowing its Plaintiff was unrepresented and was not well-versed in applicable law.

15. Then, in September of 2013 Defendant sent Plaintiff a letter informing him that it would close Plaintiff's claim if Plaintiff did not contact the Defendant within fifteen days.

16. Plaintiff followed Defendant's instructions and contacted Defendant after receiving the September 2013 letter.

17. Despite Plaintiff's efforts and adherence to Defendant's instructions, the Defendant closed Plaintiff's claim without paying the undisputed portion.

18. Plaintiff has yet to receive compensation for his personal injuries as required under his contract with Defendant.

## CAUSE OF ACTION

### COUNT I: BREACH OF CONTRACT

19. The preceding paragraphs are incorporated herein by reference.

20. Plaintiff was insured by an uninsured/underinsured motorist coverage policy with Defendant Geico at the time of the accident.

21. At the time of the accident, the third party tort-feasor was an uninsured motorist. Thus, pursuant to the terms and policy of insurance with Defendant Geico, uninsured/underinsured motorist coverage applies to the accident involving Plaintiff.

22. Plaintiff has performed all conditions precedent under the policy.

23. Defendant Geico has breached its contract of insurance and has wholly refused or neglected to pay Plaintiff the value of his damages. Said failure constitutes a breach of contract of said insurance policy and the Plaintiff is entitled to a judgment against Defendant Geico for the personal injuries sustained while covered by such contract, together with attorney's fees and costs.

### COUNT II: BAD FAITH

24. In its handling of Plaintiff's claim for benefits under the insurance policy, Defendant breached its duty to deal fairly and in good faith towards Plaintiff in the following respects:

   a. Failing to pay Plaintiff the insurance benefits that he was entitled to under the policy at the time when Defendant knew the Plaintiff was entitled to those benefits;

   b. Withholding payment of benefits to the Plaintiff knowing that Plaintiff's claim for those benefits was valid;

   c. Refusing to honor Plaintiff's claim without legitimate, arguable reason and wholly lacking any evidence or support for its refusal;

   d. Unreasonably delaying payment of some benefits and denying Plaintiff's claim for some benefits without reasonable basis;

   e. Refusing to pay Plaintiff's claim for reasons contrary to the express provisions of the law;

   f. Intentionally and recklessly misapplying the provisions of the insurance policy;

  g. Using its unequal wealth and bargaining position to overwhelm and take advantage of the Plaintiff and to effect an economic gain for the Defendant by not paying an amount that it owed by virtue of the insurance contract;

  h. Failing to properly investigate the Plaintiff's claim for benefits;

  i. Failing to properly evaluate the investigation that was done on Plaintiff's claim for benefits;

  j. Failing to adopt and implement reasonable standards for the prompt investigation and handling of claims arising under the policies including the claims of the Plaintiff;

  k. Failing to attempt to act in good faith to effectuate a prompt, fair settlement for the Plaintiff's claim; and

  l. Refusing to communicate and provide information regarding the insurance claims reported to Defendant.

  25. As a direct result of Defendant's breach of contract and breach of the implied covenant of good faith and fair dealing, Plaintiff has suffered the loss of the insurance policy benefits, mental and emotional distress, anxiety, embarrassment medical expenses and financial hardship, all of which are in excess of seventy-five thousand dollars ($75,000.00.)

  26. Plaintiff has retained an attorney to prosecute this action and is thus entitled to a reasonable attorney fee as well as the costs expended in pursuit of this litigation.

  27. Defendant has acted intentionally, maliciously and in reckless disregard for the rights of the Plaintiff. As a result, the Plaintiff is entitled to recover punitive damages against the Defendant for these actions.

WHEREFORE, Plaintiff prays this Court enter judgment against the Defendant, Farmers, and grant him the relief sought including, but not limited to, actual damages in excess of seventy-five thousand dollars ($75,000.00), costs, pre-judgment interest, attorney's fees, punitive damages in excess of seventy-five thousand dollars ($75,000.00), post-judgment interest and all other relief deemed appropriate by this Court.

Respectfully submitted by,
SMOLEN, SMOLEN & ROYTMAN, PLLC

Daniel E. Smolen OBA #19943
701 South Cincinnati Avenue
Tulsa, OK 74119
(918) 585-2667
(918) 585-2669 (Fax)
*Attorney for Plaintiff*